**In the Matter of the Application for the Discipline of Peter M. MANSUR, an Attorney at Law of the State of Minnesota.**

No. C2-83-659.

Supreme Court of Minnesota.

Aug. 25, 1986.

ORDER

On May 4, 1983, the Director of the Minnesota Lawyers Professional Responsibility Board served a petition for disciplinary action against the above-named respondent. In the petition for disciplinary action, the respondent was charged with various claims of misappropriation of client funds and converting the funds to his own use. Pursuant to stipulation, this court on July 11, 1983 entered an order immediately suspending respondent during the pendency of this matter. *See* 336 N.W.2d 254 (Minn. 1983). As a result of injuries sustained by the respondent in an automobile accident, the matter has been generally in abeyance until recently when this court appointed the Honorable David E. Christensen to serve as referee. Thereafter, on or about the 5th day of August, 1986, the respondent, individually and represented by counsel, entered into a stipulation with the Director in which he conditionally admitted the allegations of the petition and agreed to discipline. The respondent has waived all of his rights under Rule 14 of the Rules of Lawyers Professional Responsibility (RLPR), including the right to a hearing before the referee, to have the referee make findings and conclusions and a recommended disposition, and the right to test such findings and conclusions as well as a hearing before this court on the record, briefs and oral argument.

The court having considered the petition, the answer thereto, the proceedings at the time of the interim suspension and the stipulation,

NOW ORDERS:

1. That the respondent is hereby indefinitely suspended from the practice of law in the state of Minnesota.

2. That the respondent may not petition for reinstatement of the practice of law prior to the 11th day of July, 1988.

3. After July 11, 1988, respondent shall be reinstated to the practice of law only after respondent has submitted a petition for reinstatement to this court pursuant to Rule 18 of the Rules of Lawyers Professional Responsibility, and has further demonstrated to this court by clear and convincing evidence, including appropriate medical and psychological evidence, that he is able to handle client affairs in an attorney capacity.

4. It is further ordered that any reinstatement will be conditioned upon respondent having made full restitution to anyone damaged through his actions as alleged in the petition as may be adjudicated by a court of competent jurisdiction.

5. That any petition by respondent for reinstatement shall be deemed a waiver of the doctor-patient privilege as to the Director's office and this court.

6. That prior to submitting a petition for reinstatement, the respondent shall take and pass the Minnesota state bar examination.